**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IVÁN PLACERES,

      Plaintiff,

         v.

COSTCO WHOLESALE
CORPORATION,

      Defendant,

**CIVIL NO. 20-1602 (PAD)**

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

A state court in Puerto Rico entered default against defendant for not having answered the complaint or requested an extension to do so within the limited period set for that purpose in Law 2 of October 17, 1961, P.R. Laws Ann. tit. 32 §§ 3118-3132, a special statute governing expedited judicial processing of labor and employment claims in the Commonwealth. Defendant timely removed the case to this court and answered in conformity with the Federal Rules of Civil Procedure. Plaintiff contends the answer should be stricken from the record and default judgment entered under Law 2 because in his view, that statute deprives this court – as it does with local courts – of jurisdiction to set aside the entry of default (Docket No. 9). But because Law 2 is procedural; does not govern proceedings following removal to this court; those proceedings are subject to federal rules; based on Fed.R.Civ.P. 55(c), the entry of default may be set aside for good cause; and there is good cause here, plaintiff's motion must be denied.

Placeres v. Costco Wholesale Corporation
Civil No. 20-1602 (PAD)
Opinion and Order
Page 2

# I.     PROCEDURAL BACKROUND

On September 30, 2021, plaintiff, Iván Placeres, filed a complaint against his former employer, Costco Wholesale Corporation, in the Humacao Part of the Puerto Rico Court of First Instance ("CFI"), alleging age discrimination, harassment or mobbing, retaliation and unjust discharge under Puerto Rico Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 20 § 146 et seq. (age discrimination); Law No. 90 of August 7, 2020 (awaiting codification) (work harassment or mobbing); Law 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194 et seq. (retaliation); and Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29 § 185a, et seq. (unjust discharge) (Docket No. 1-2, p. 1).  With the filing, he invoked Law 2.  Id. at ¶ 120.

On October 1, 2020, plaintiff served Costco with process (Docket No. 1, Exh. 1).  In line with Law 2, Costco had to answer the complaint not later than October 16, 2021.  But it did not do so or request an extension of time to answer.  So, on October 20, 2021, plaintiff asked the CFI to enter default against Costco and set a hearing on damages (Docket No. 1-12).  The same day, the CFI granted plaintiff's request and scheduled a default hearing on damages for January 27, 2021 at 10:30 a.m. via video teleconference (Docket No. 1-13).  On October 30, 2020, Costco removed the case to this court pursuant to 28 U.S.C. § 1332 (diversity of citizenship), and answered the complaint within the term specified in Fed.R.Civ.P. 81(c)(2) (Docket Nos. 1 and 3).[1]  On January 12, 2021, plaintiff moved for entry of default and default judgment (Docket No. 9).  On January 19, 2021, Costco opposed plaintiff's motion (Docket No. 11).  On January 25, 2021, plaintiff

---

[1] As stated in Rule 81(c)(2), "[a]fter removal, repleading is unnecessary unless the court orders it.  A defendant who did not answer before removal must answer or present other defenses or objections under these rules *within the longest of these periods*: (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed" (emphasis added).  Costco answered the complaint the same day the petition for removal was filed.

replied to Costco's opposition (Docket No. 14).  On January 29, 2021, Costco sur-replied (Docket No. 15).

## II.    DISCUSSION

Plaintiff argues that Costco was barred from answering the complaint because by the time it removed the case to this court, the CFI had entered a default against it and under Law 2 there is no jurisdiction to extend the expired 15-day term set in that statute to answer (Docket No. 9, p. 1). Further, he states that Costco procrastinated by answering 29 days after being summoned, that is, 14 days after the deadline set by Law 2; and from his perspective, the fact that the case was removed is "clearly indicative of forum shopping," an effort to "alter the outcome of the case filed in State court" after "an irrevocable entry of judgment" by that court.  Id. at p. 5.[2]  On that basis, he asks that Costco's answer be eliminated from the record and a default judgment entered against the company in accordance with Law 2.  Id.  at p. 6.  The court is not persuaded.

A federal court "sitting in diversity or exercising supplemental jurisdiction over state law claims must apply state substantive law, but a federal court applies federal rules of procedure to its proceedings."  Hoyos v. Telecorp Communications, Inc., 488 F.3d 1, 5 (1st Cir. 2007).  As relevant, Puerto Rico Law 2 provides:

> The clerk of the Court shall serve notice on the defendant, with a copy of the complaint, warning him that he shall file his answer in writing, with proof of having served copy thereof on counsel for complainant, or on the latter if he has appeared in his own right, within ten (10) days after said service of notice, if made in the judicial district where the action is instituted, and within fifteen (15) days in all other cases, and also warning said defendant that, should he fail to do so, judgment shall be entered against him, granting the

---

[2] The record shows that the CFI only *entered* default.  It never entered judgment, much less a default judgment against Costco.  See, Docket No. 1-14, Notification of Order granting plaintiff's "Motion for Entry of Default and Scheduling Damage [sic] Hearing" which provides as follows: The order is transcribed as follows: "DEFAULT IS ENTERED AGAINST DEFENDANT. A DEFAULT HEARING FOR DAMAGES IS SET FOR JANUARY 27, 2021 AT 10:30 AM BY VIDEOCONFERENCE" (caps in original text).

Placeres v. Costco Wholesale Corporation
Civil No. 20-1602 (PAD)
Opinion and Order
Page 4

> remedy sought, without further summons or hearing. The judge may
> extend the term to answer only on motion of the defendant, which
> shall be served on counsel for complainant, or on the latter if he
> appears in his own right, setting forth under oath the reasons said
> defendant may have therefor, if from the face of such motion the
> judge finds just cause. In no other case shall the court have
> jurisdiction to grant such extension. P.R. Laws Ann. tit. 32 § 3120.

In Hoyos, however, the First Circuit held that Law 2 is "a local procedural rule, which does not and cannot govern proceedings in federal court." Hoyos, 488 F.3d at 5. Once removal occurs, "the federal rules take over." Wright v. Central States, 440 F.Supp. 1235, 1236 (D.S.C. 1977). The removed case proceeds according to the federal rules. Id. Thus, the federal district court is not bound by Law 2. Plaintiff takes exception to the applicability of Hoyos, arguing that in that case, the CFI had not entered default before removal whereas here it had (Docket No. 14, pp. 1-2). But the distinction lacks significance, for the critical point of Hoyos lies on its unambiguous recognition that Law 2 is procedural and does not trump federal rules, which apply regardless of contrary state procedural provisions. See, Hoyos, 488 F.3d at 5 (addressing topic); 14 Moore's Federal Practice – Civil, § 81.04 (2020)(federal rules govern procedure in federal court after removal even if the result is to overturn the effect of a state court's ruling).

Plaintiff directs the court to 28 U.S.C. § 1450, which provides that "[w]henever any action is removed from a State court to a district court of the United states … [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." He posits that with this, the filing of the notice of removal does not have the consequential effect of wiping the state court order away (Docket No. 9, p. 6). That is true, so far as it goes – see, Concordia Partners, LLC v. Pick, 790 F.3d 277, 279 (1st Cir. 2015)(noting that Section 1450 preserves the *status quo* in the removed case, ensuring that the filing of the notice of removal not have the effect of wiping the state court order away) –

Placeres v. Costco Wholesale Corporation
Civil No. 20-1602 (PAD)
Opinion and Order
Page 5

but unavailing, as Section 1450 expressly authorizes district courts to dissolve pre-removal orders.

See, Azzopardi v. Ocean Drilling & Exploration Co., 742 F.2d 890, 892, 895 (5th Cir. 1984)

(setting aside after removal, a default entered by state court one day after expiration of the time

prescribed by state law for answering the complaint). That is why the default that the local court

entered under Law 2 prior to the removal is not irrevocable and may be set aside by this court on

the authority of the Federal Rules of Civil Procedure.

To this end, Fed. R. Civ. P. 55(c) permits setting aside an entry of default for "good cause."

United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004). This is a "mutable

standard." Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). And a "liberal" one. Thiemann v.

Electrical Insulation Suppliers, Inc., 180 F.R.D. 200, 201 (D.P.R. 1998). It "derives its shape both

contextually and in comparison with the more rigorous standard applicable to attempts to vacate

judgments under Fed. R. Civ. P. 60(b)." Coon, 867 F.2d at 76. Its threshold is lower, ergo more

easily overcome than that which obtains under Rule 60(b). Id. For that reason, allowing an entry

of default to be set aside on a showing of reasonable justification is in keeping both with the

philosophy that actions should ordinarily be resolved on their merits, and with the command of the

Civil Rules themselves. Id. These policy considerations are at their zenith in the Rule 55(c) milieu.

Id.

In its application, the good-cause inquiry is driven by some general guidelines that have

fairly universal application, including the proffered explanation for the default; whether it was

willful; the extent to which setting it aside would prejudice the adversary; if the party opposing the

default possesses a meritorious defense; the good faith of the parties; the amount of money

involved; and the timing of the request to set aside the entry of default. See, Coon, 867 F.2d at 76

(applying guidelines). The matter must be examined in a "practical, common sense manner."

General Contracting Trading Co., LLC. v. Interpole, Inc., 899 F.2d 109, 112 (1st Cir. 1990).

Determinations are case-specific.   Id.   The party opposing default bears "the burden of

demonstrating good cause." KPS & Associates, Inc. v. Designs by FMC, Inc., 318 F.3d 1, 14 (1st

Cir. 2003). Doubts are resolved "in favor" of that party. Coon, 867 F.2d at 76. Applying this

matrix, the record shows good cause to set aside the default.

### 1.   **Explanation for Default/Willfulness**

The default incurred was not willful. Costco described the process its staff followed once

it was served with copy of the summons and complaint (which was in the Spanish language and

contained 120 paragraphs), to ensure that legal personnel in its corporate offices receive the

documents. See, Docket No. 15, p. 12 (describing process). In this way, the same day Costco was

served, the General Manager sent the documents by email in JPG format to a Paralegal, who lost

or misplaced it among other emails. The paralegal requested that a copy be resent, and erroneously

assumed that a 30-day period was available to answer, that is, the period to answer a complaint in

ordinary cases in local courts. See, Rule 10.1 of the Puerto Rico Rules of Civil Procedure, P.R.

Laws Ann. tit. 32, Ap. V, R. 10.1 (laying down period to answer). On October 20, 2020, the copy

of the summons and complaint were forwarded to local counsel, who moved swiftly, translating

documents, interviewing witnesses, and drafting and filing the notice of removal and the answer,

all in a 10-day span.

This is not indicative of willful evasion of a duty to respond. See, Passarella v. Hilton

Intern. Co., 810 F.2d 674, 677-678 (7th Cir. 1987)(noting in vacating default judgment that even

though defendant should have been more careful in monitoring the progress of a complaint, it did

not mean the defendant acted willfully); Thiemann, 180 F.R.D. at 201 (setting aside entry of

default in absence of willfulness, where service of the summons and complaint was made on an

agent of the corporation, who mailed them to defendant, but the documents were at some point lost within the mail service and not timely sent to local counsel in Puerto Rico).  Compare with Conetta v. National Hair Care Centers, Inc., 236 F.3d 67, 75 (1st Cir. 2001)(denying motion to vacate default where defendant's president decided to ignore the lawsuit against the company, hoping to avoid dealing with a nuisance).

## 2. **Prejudice to Plaintiff**

Setting aside the default will not prejudice plaintiff.  A mere delay in answering a complaint is not sufficient "to require denial of a motion to set aside a default." Collazo-Rosado v. University of Puerto Rico, 2011 WL 13136493, *2 (D.P.R. March 23, 2011).  Requiring a party to litigate does not add up to prejudice.  See, Coon, 867 F.2d at 77 (simply requiring a party to litigate the action does not amount to prejudice).  Rather, prejudice derives from dangers accompanying delay, such as loss of evidence, thwarted discovery, enhanced opportunity for fraud or collusion, or material impairment in the ability to litigate.  See, Federal Deposit Ins. Corp. v. Francisco Inv. Corp., 873 F.2d 474, 479 (1st Cir. 1989)(so recognizing).  Yet plaintiff has not complained that to date, any evidence has been lost, fraud has been committed, collusion has tainted the process, or circumstances changed such that his ability to litigate has become impaired in some material way.  Besides, the case is in an early stage, which also counsels against default.  Compare with Interpole, 899 F.2d at 112 (denying motion to vacate default in part due to the duration of the action and the extensive discovery undertaken).

## 3. **Amount of Money Involved**

The complaint seeks not less than $100,000 for emotional damages (Docket No. 1-2, ¶ 80); $19,200.00 in lost wages from termination up to the filing of the complaint, an amount that increases at the rate of $1,600.00 per month, until reinstatement (id., ¶ 82); $10,200 in discharge

Placeres v. Costco Wholesale Corporation
Civil No. 20-1602 (PAD)
Opinion and Order
Page 8

indemnity (id., ¶ 119); double damages (id., p. 34); 25% of the amount awarded, to pay for

plaintiff's attorney's fees (id.), and the costs and expenses of the litigation.  Id.  Considering that

actions should ordinarily be resolved on their merit, this factor weighs against default.  See,

Thiemann, 180 F.R.D. at 202 (examining potential exposure in light of this consideration to grant

motion to set aside default).

### 4. **Meritorious Defenses**

This criterion does not go so far as to require the party to "demonstrate a likelihood of

success on the merits."  Coon, 867 F.2d at 77.  Instead, a party's averments need only plausibly

suggest the existence of facts which, if proven at trial, would constitute a cognizable defense.  Id.

The threshold is "low." Collazo-Rosado, 2011 WL 13136493 at *2.  And Costco cleared it.  Costco

challenged plaintiff's factual account, and raised a number of affirmative defenses, including that

the mobbing statute does not apply retroactively to the facts of this case, and that plaintiff was

dismissed with just cause, for serious acts of misconduct, insubordination, and dishonesty.  See,

Answer to the Complaint (Docket No. 3), "Factual Allegations," ¶¶ 8, 37 (mobbing statute not

retroactive), "Affirmative Allegations and Defenses," p. 25, ¶12 (grounds for discharge).   In

consequence, Costco has raised cognizable defenses to the claims brought against it, an element

that justifies setting aside the default.  See, United States v. One Urban Lot Located at 1 Street A-

1 Valparaiso, Bayamón, Puerto Rico, 865 F.2d 427, 430-431 (1st Cir. 1989)(reversing district court

for denying motion to set aside entry of default where, among other things, party presented a

meritorious defense).

### 5. **Timing of Motion**

Filing an answer may be construed as "a motion to vacate a default."  McMillen v. J.C.

Penney Co., Inc., 205 F.R.D. 557, 558 (D.Nev. 2002).  Costco timely filed its answer under

Fed.R.Civ.P. 81(c)(2) and has acted expeditiously in this proceeding.  In that regard, on January 12, 2021, plaintiff requested that a default judgment be entered against Costco (Docket No. 9), and on January 19, 2021, Costco opposed the request (Docket No. 11).  Similarly, on January 25, 2021, plaintiff replied to Costco's opposition (Docket No. 14), and on January 29, 2021, Costco sur-replied (Docket No. 15).  This is not feet dragging but diligence, a factor that cuts in favor of Costco.  See, Thiemann 180 F.R.D. at 202 (setting aside default where counsel diligently filed motion for relief ten working days of having knowledge of the default).

**6**. **Good Faith**

Plaintiff acted in good faith, properly summoned Costco, and exercised its right to move for entry of default in connection with Law 2.  In turn, Costco exercised its right to remove the case in conformity with the removal statute.  There is no indication of bad faith.  Although occasionally "stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity of jurisdiction and the congressional statute implementing Article III."  First State Ins. Co. v. Callan Associates, Inc., 113 F.3d 161, 162 (9th Cir. 1997).  The most prudent course of action is to set aside the entry of default.

### III.   CONCLUSION

For the reasons stated, the "Motion for Entry of Default and Default Judgment" at Docket No. 9 is DENIED.  The default that the CFI entered prior to removal is VACATED.  Neither entry of default nor default judgment is warranted here.

SO ORDERED.

In San Juan, Puerto Rico, this 24th day of May, 2021.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge